UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ASHLEY BROWN, *et al.*

VERSUS                                                    CIVIL ACTION

PENNSYLVANIA LUMBERMANS                      NO. 16-469-BAJ-EWD
MUTUAL INSURANCE COMPANY, *et al.*

## RULING AND ORDER ON MOTION TO INTERVENE

Before the court is a Motion to Intervene (the "Motion to Intervene")[1] filed by the State of Louisiana, Office of the Governor, Division of Administration, Office of Risk Management ("LAORM"). LAORM seeks to intervene in this suit pursuant to Fed. R. Civ. P. 24(a). LAORM asserts counsel for all parties were contacted and none has any opposition to the motion.[2]

For the reasons set forth herein, LAORM's Motion to Intervene is **GRANTED**.[3]

### I.    Background

On June 23, 2016, Plaintiff Ashley Brown ("Brown") filed suit in state court against Defendants seeking damages related to a motor vehicle accident that caused the death of her husband, Levy Brown ("Levy"), while he was in the course and scope of his employment with the State of Louisiana, Department of Transportation and Development ("DOTD"). Specifically, Brown alleges that on July 21, 2015, decedent, Levy, was the driver of a 2009 International tractor and trailer, owned by his employer, DOTD, stopped in a southbound direction on the shoulder of

---

[1] R. Doc. 4.

[2] *Id.*

[3] Magistrate judges may "hear and determine" non-dispositive pre-trial motions pursuant to 28 U.S.C. § 636(b)(1)(A). "A motion to intervene is considered a non-dispositive motion." *Johnson v. Qualawash Holdings, LLC*, 2013 WL 3050021, at *2 (W.D. La. June 17, 2013) (citing *S.E.C. v. Koirnman*, 2006 WL 148733, at *2 (N.D. Tex. Jan. 18, 2006)). *See also, Stephens v. State Farm and Cas. Co.*, 2010 WL 1292719, at *3 (E.D. La. March 8, 2010) ("The portion of Road Home's motion seeking leave to intervene is a non-dispositive matter which I may address by order.").

Highway 61 in West Feliciana Parish, State of Louisiana, while Levy was conducting work near the Thompson's Creek Bridge.

Brown further alleges that defendant, Eric T. Davis ("Davis"), was driving a 2015 Freightliner tractor and trailer, while in the course and scope of his employment with defendant, Fred Netterville Lumber Company ("Netterville") and that the truck and trailer being driven by Davis collided with the left rear of the Brown vehicle, causing Levy's death.    Brown seeks damages individually and on behalf of her four minor children. On July 14, 2016, Defendants Davis, Netterville and Pennsylvania Lumbermens Mutual Insurance Company, ("PLMIC") removed this suit on the basis of diversity jurisdiction.[4]

Per LAORM's proposed Complaint of Intervention, LAORM "maintains, directs, and administers a self-insured worker's compensation program … for the State of Louisiana."[5] LAORM further alleges that it has "made indemnity payments and medical payment to and/or on behalf of Levy Brown in accordance with the Louisiana Workers' Compensation Act and has an interest in the outcome of this litigation."[6] LAORM also asserts that it may be required to make

---

[4] R. Doc. 1.  The Notice of Removal alleges the following with regard to the citizenship of the parties: "plaintiff Ashely [sic] Brown, Individually and on Behalf of her Minor Children, Ashton Brown, Atyson Brown, Ativeanna Brown, and Atayveia Brown, is a citizen of the State of Louisiana, domiciled, together with her four minor children, in the Parish of West Feliciana, in Weyanoke, Louisiana; defendant Eric T. Davis is a citizen of the State of Mississippi, domiciled in Woodville, Mississippi; defendant Fred Netterville Lumber Company, Inc. is a corporation organized under the laws of the State of Mississippi maintaining its principal place of business in the State of Mississippi in Woodville, Mississippi; defendant Pennsylvania Lumbermens Mutual Insurance Company is a foreign insurance corporation organized under the laws of the State of Pennsylvania maintaining its principal place of business in the State of Pennsylvania." R. Doc. 1, ¶ 2.  LAORM does not allege its citizenship, but as an arm of the state, LAORM is not just a citizen of Louisiana, but is, in fact, Louisiana.  The court finds that ORM is an intervenor-plaintiff in this matter.  Like Brown, LAORM has an interest in maximizing recovery against Defendants.  *See e.g.*, *Dushane v. Gallagher Kaiser Corp.*, 2005 WL 1959151, at *6 (W.D. La. Aug. 10, 2005) (determining that a worker's compensation payor seeking to intervene is aligned with the plaintiff).  Accordingly, LAORM's intervention in this suit will not destroy the court's subject matter jurisdiction.

[5] R. Doc. 4-1, ¶6.

[6] *Id.*

2

additional workers' compensation payment in the future.[7]  Accordingly, LAORM states that it is subrogated to Brown's rights to the full extent of worker's compensation benefits that have been paid or that are to be paid in the future and that LAORM is entitled to recover such sums by preference out of any payment obtained by Brown in compromise or judgment in this action.[8]

## II.    Law and Analysis

LAORM seeks to intervene in this suit under Fed. R. Civ. P. 24(a).[9]  That section provides that on "timely motion" the court must permit intervention by anyone who is either (1) given an unconditional right to intervene by federal statute; or (2) "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  While LAORM does not state under which provision of Fed. R. Civ. P. 24(a) it is seeking intervention, because LAORM does not assert that a federal statute grants it an unconditional right to intervene, it appears LAORM moves for intervention under Fed. R. Civ. P. 24(a)(2).

### A.  Timeliness of the Motion to Intervene

"Whether leave to intervene is sought under section (a) or (b) of Rule 24, the application must be timely."  *Stallworth v. Monsanto Co.*, 558 F.2d 257, 263 (5th Cir. 1977).  The timeliness of a motion to intervene is a matter committed to the sound discretion of the trial court.  *McDonald v. E.J. Lavino*, 430 F.2d 1065, 1071 (5th Cir. 1970).  Timeliness "is not limited to chronological

---

[7] R. Doc. 4-1, ¶7.

[8] R. Doc. 4-1, ¶8.

[9] R. Doc. 4-1, ¶2.

3

considerations but 'is to be determined from all the circumstances.'" *Id.* The Fifth Circuit has set forth four factors to consider when evaluating whether a motion to intervene is timely: (1) the length of time during which the proposed intervenor should have known of his interest in the case before he petitioned to intervene; (2) the extent of prejudice that those parties already in the litigation would suffer "as a result of the would-be intervenor's failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest in the case;" (3) the extent of prejudice to the proposed intervenor if he is not allowed to intervene; and (4) the existence of "unusual circumstances militating either for or against a determination that the application is timely." *Ross v. Marshall*, 426 F.3d 745, 754 (5th Cir. 2005) (citing *Stallworth v. Monsanto Co.*, 558 F.2d 257, 264-266 (5th Cir. 1977)).

Here, Plaintiff filed suit in June 2016.  The case was removed to this court on July 14, 2016.[10]  LAORM first sought leave to intervene in this matter on August 29, 2016.[11]  No party has asserted the Motion to Intervene is untimely.  Most importantly, this suit is still in its early stages. A Scheduling Order was issued on September 21, 2016, however, the deadline for completion of fact discovery is not until March 7, 2017.[12]  Further, the trial of this matter is not scheduled to begin until February 2018.  Accordingly, the court finds LAORM's Motion to Intervene to be timely.

---

[10] R. Doc. 1.

[11] R. Doc. 4.

[12] R. Doc. 7.  Although the deadline to exchange initial disclosures has passed, the court orders LAORM to provide its initial disclosures to the other parties to this suit no later than seven (7) days from the date of this Order.

### B. Intervention of Right

Pursuant to Fed. R. Civ. P. 24(a)(2), a party is entitled to intervene in a pending lawsuit when: (1) the motion to intervene is timely; (2) the potential intervenor asserts an interest that is related to the property or transaction that is the subject of the action in which he seeks to intervene; (3) the potential intervenor is so situated that disposition of the case may as a practical matter impair or impede his ability to protect his interest; and (4) the parties already in the action do not adequately protect the potential intervenor's interest. *Ford v. City of Huntsville*, 242 F.3d 235, 239 (5th Cir. 2001). As discussed above the court finds LAORM's Motion to Intervene to be timely.

Pursuant to the Louisiana Workers' Compensation Act, "[i]f either the employee…or the employer or insurer bring suits against a third person…he shall forthwith notify the other in writing of such fact and of the name of the court in which the suit is filed, and such other may intervene as party plaintiff in the suit." La. R.S. §23:1102(A). "Although the statute provides that the other may intervene as a party plaintiff if either the employee or the employer brings suit against a third person (tortfeasor), the jurisprudence holds that an employer's failure to intervene in a suit filed by the employee, after proper notice, bars the employer from bringing a separate suit against a third party tortfeasor." *Houston General Ins. Co. v. Commercial Union Ins. Co.*, 649 So. 2d 776, 782 (La. App. 1 Cir. 1994) (citing *Roche v. Big Moose Oil Field Truck Service*, 381 So. 2d 396, 401 (La. 1980) ("If an employee files suit for damages from a third party tortfeasor, an employer seeking reimbursement of compensation paid must intervene in the pending lawsuit….")). *See also*, *Senac v. Sandefer*, 418 So. 2d 543, 545 n. 1 (La. 1982) ("The employer's compensation insurer failed to intervene in this action and is thus barred from claiming reimbursement of the benefits paid to the plaintiff."); *Chevalier v. Reliance Ins. Co. of Illinois*, 953 F.2d 877, 884 (5th

5

Cir. 1992) ("There is no doubt that, under Louisiana law, a compensation carrier or employer must generally be a party to the suit between a tortfeasor's carrier and tort plaintiff in order to collect reimbursement for workers' compensation from the successful tort plaintiff's judgment."); *Allstate Indem. Co. v. Knighten*, 705 So. 2d 240, 242 (La. App. 2. Cir. 1997) ("While the statutory language is permissive regarding intervention by the party who is not a party-plaintiff in the action against the third-party, the case law suggests that an employer or its insurer must intervene in a third-party suit filed by the employee in order to assert its rights against the third-party tortfeasor or otherwise be barred from instituting a separate action to assert those rights.").

In light of this jurisprudence, district courts in this circuit have found that workers' compensation insurers who have paid a plaintiff workers' compensation benefits are intervenors of right.  *See*, *Johnson v. Qualawash Holdings, LLC*, 990 F.Supp.2d 629, 640 (W.D. La. 2014) (dismissing action after finding workers' compensation insurer to be an indispensable non-diverse party and explaining that insurer "has already made payments to the plaintiff in this matter pursuant to its policy of insurance….Under Louisiana law, if [insurer] does not intervene in this suit, it loses its right to recover from any third party tortfeasors under Louisiana's workers' compensation scheme."); *Youngblood v. Rain CII Carbon, LLC*, 2014 WL 2547588, at *3 (W.D. La. June 4, 2014) (plaintiff's statutory employer and workers' compensation insurer were both intervenors of right because, unless they were allowed to intervene, they would lose their right to reimbursement.).

Here, LAORM alleges that it has paid worker's compensation benefits and medical expenses under Louisiana workers' compensation laws to and on behalf of Levy.  Unless LAORM

is allowed to intervene, it will lose its right to reimbursement.  Accordingly, the court finds LAORM to be an intervenor of right under Fed. R. Civ. P. 24(a)(2).[13]

### III.    Conclusion

For the reasons set forth herein, the State of Louisiana, Office of the Governor, Division of Administration, Office of Risk Management's Motion to Intervene [14] is **GRANTED**.

Accordingly,

**IT IS HEREBY ORDERED** that the State of Louisiana, Office of the Governor, Division of Administration, Office of Risk Management's Complaint of Intervention[15] shall be filed into the record in this matter.

**IT IS FURTHER ORDERED** that the State of Louisiana, Office of the Governor, Division of Administration, Office of Risk Management shall provide initial disclosures to all parties with seven (7) days of the date of this Order.

Signed in Baton Rouge, Louisiana, on December 8, 2016.


*Erin Wilder-Doomes*
**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[13] No party contends, and the court does not find, that LAORM's interests are adequately represented by either Brown or Defendants in this suit.  Like Brown, LAORM has an interest in maximizing recovery against Defendants.  *See*, *Dushane v. Gallagher Kaiser Corp.*, 2005 WL 1959151, at *6 (W.D. La. Aug. 10, 2005) ("After careful consideration, the court finds GM is more properly considered an intervenor-plaintiff.  If allowed to intervene, GM no doubt will align itself with Plaintiffs, as it is in GM's interest for Plaintiffs to maximize their recovery against Defendants and thereby increase the potential for GM to recover all of the worker's compensation benefits it already has paid Plaintiffs. The less Plaintiffs recover, the less reimbursement GM will receive. If Plaintiffs had not filed a suit at all, and GM filed its own suit against Defendants to seek reimbursement, GM would be considered a plaintiff in every sense of the word.").  However, the recovery sought by LAORM (reimbursement for past and future payments in preference to Brown) is separate from Brown's damage claim.

[14] R. Doc. 4.

[15] R. Doc. 4-1.